UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STATE OF LOUISIANA

| | | |
|---|---|---|
| **DERRICK T. FREY** | * | CIVIL ACTION |
| **VERSUS** | * | NO. 07-3549 |
| **GALATOIRE'S RESTAURANT, INC.,** and **GALATORIES RESTAURANT, LLC** | * | MAGISTRATE JUDGE: 2 |
| | * | JUDGE: SECTION "C" |

**************************************

## PLAINTIFF'S UNOPPOSED FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, Derrick Tyronne Frey, who respectfully supplements and amends his original complaint as follows:

I.

By amending **PARAGRAPH C, NATURE OF THE CASE**, to read as follows:

### C. NATURE OF THE CASE

Plaintiff was employed by Galatoire's at 209 Bourbon Street, New Orleans, Louisiana 70130. He was employed there until August 29, 2005. He began his employment there in 1996. Galatorie's was closed for several months beginning August 29, 2005, due to Hurricane Katrina. Galatoire's reopened after Hurricane Katrina on or about January 30, 2006. Pursuant to telephone conversations with and instructions from Plaintiff's supervisor, executive Chef Ross Elrich, Plaintiff Frey returned to Galatoire's in January 2006 to work his former job. He was not rehired. Pursuant to further telephone conversations with and instructions from Elrich, he returned again in February 2006 seeking his former job and/or other positions for which he was

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

qualified, and again was denied employment. He was told by Galatoire's management that there were no positions available he was able to work. However, upon information and belief, Plaintiff's position, and/or other positions for which plaintiff was more qualified and had more experience, in particular the positions of sous chef and kitchen manager/assistant kitchen manager, which would have been promotions, were available upon plaintiff's return and were filled by less experienced and less qualified persons who are white, and who were paid more than Plaintiff Frey.

This denial of employment after Hurricane Katrina was the culmination of a long pattern and practice of discrimination and retaliation against Plaintiff Frey and other black employees as more fully described below.

Plaintiff Frey filed charges with Equal Employment Opportunity Commission (EEOC) regarding these acts of discrimination on or about November 17, 2006. The EEOC sent the attached "Notice of Right to Sue" which Plaintiff Frey received on or about April 11, 2007.

The discriminatory acts which are the basis of this complaint are:

1) Failure to employ Plaintiff Derrick Frey

2) Failure to promote Plaintiff Derrick Frey

3) Termination of employment of Plaintiff Derrick Frey

4) Denial of equal pay/work

5) Sexual harassment

6) General harassment

7) Selective enforcement of rules as harassment

8) Selective allowance of benefits as harassment

The Defendant's conduct is discriminatory with respect to Plaintiff Frey's race, color and sex.

The Defendant's continue to commit these acts against Plaintiff Frey.

## II.

By amending **PARAGRAPH D, COUNT 1**: Denial of Employment, to read as follows:

**COUNT I:** Denial of Employment:

Defendant Galatoire's failed and refused to rehire plaintiff to his former position, and/or to other open positions for which he was qualified, following Hurricane Katrina. Instead, positions which were open and for which plaintiff was qualified were filled with whites who were far less qualified and/or experienced, and who were paid more than plaintiff had been earning prior to Hurricane Katrina. Specifically, in late December, 2005, plaintiff learned, by word of mouth, that employees had been told to come to the restaurant in January to resume their former jobs and/or other jobs for which they were qualified. Immediately thereafter, plaintiff called Executive Chef Ross Elrich and confirmed this understanding and plaintiff's intention to return to Galatoire's the second week in January, 2006. During this conversation, plaintiff and Elrich discussed that the fact that plaintiff's wife had recently undergone surgery and that he cared for her most evenings, and was therefore only available to work his pre-Katrina a.m. schedule. Elrich acknowleged this, and instructed plaintiff to return the second week in January and resume his former position.

When Plaintiff Frey returned to Galatoire's as instructed by Elrich during the second week in January, he was told that Elrich was in a meeting with General Manager Melvin Rodrigue, and to wait in the lobby. Plaintiff waited as instructed for over an hour, but Elrich

failed and/or refused to see him. Thereafter, plaintiff attempted to contact Elrich on several different occasions, and finally reached him by phone in the end of January 2006. Elrich advised plaintiff that his former position had now been filled, but that another a.m. position, pastry chef, was open and instructed plaintiff to return to Galatoire's the first week of February, 2006.. Plaintiff did so, and again was told Elrich was in a meeting with General Manager Melvin Rodrigue, and instructed to wait in the lobby. Plaintiff waited for approximately two hours, but Elrich again failed and/or refused to see him. The following day, plaintiff spoke by telephone with Elrich, who advised plaintiff that Rodrigue had not yet given him a definite "ok" to rehire plaintiff, and to call back the following day.

Plaintiff called and left messages 3-4 times the following day, and finally was successful in reaching Elrich. Plaintiff asked if Melvin had made a decision, and Elrich replied by asking plaintiff when was the last time he had seen Gilberto Eyzaguirre, a former Galatoire's employee who had a pending Civil Rights Discrimination claim against Galatoire's, in which plaintiff had agreed to testify on Gilberto's behalf. Plaintiff said "yes", and asked Elrich why he wanted to know. Elrich replied that he was "just asking", and would call plaintiff back regarding his return to work. Elrich never called back.

Plaintiff attempted to reach Elrich thereafter on numerous occasions, and finally spoke to him by phone in March, 2006. Elrich advised plaintiff that the only thing available was "nights-only" shift, which Eirich knew plaintiff was unable to work. On information and belief, a.m. positions and/or dual a.m/p.m. positions were open during this period, but were filled by white former/new employees who were far less qualified than plaintiff.

III.

By amending **PARAGRAPH D, COUNT V:** Failure to Promote, to read as follows:

**COUNT V:** Failure to Promote:

Plaintiff Frey was assigned to train a younger white male employee in the position of sauté cook, which was also Plaintiff's job. Upon completion of the training, the white male was promoted to the job that Plaintiff had sought. Plaintiff had more experience and more seniority than white male he trained. Further, the white male was making more money per hour while being trained, than Plaintiff was making while training him. This same white employee was rehired by defendant following Hurricane Katrina to a position for which plaintiff had more experience and was more qualified, yet was never offered to plaintiff.

IV.

By amending **PARAGRAPH D, COUNT VI:** Failure to Promote, to read as follows:

**COUNT VI:** Failure to Promote

Plaintiff had sought the position of Assistant Kitchen Manager. Instead, a white male with no kitchen experience and less seniority than Plaintiff was given the job. The white male that was given the job was the son of a friend of one of the senior management. This position became open again following Hurricane Katrina, yet plaintiff was never offered this position, despite his experience and qualifications, and it instead was awarded to a new white employee who had far less experience and qualifications.

V.

By amending **PARAGRAPH D, COUNT VII:** Retaliation, threats to read as follows:

**COUNT VII:** Retaliation, threats:

After Defendant was made aware in approximately October, 2004, of Plaintiff's intention to testify on behalf of Gilberto Eyzaguirre in his Civil Rights Discrimination claim/lawsuit against Galatoire's, as well as on behalf of other former employees who likewise had pending Civil Rights Discrimination claims/lawsuits against Galatoire's, including but not limited to Galen Hall, a member of senior management, i.e., Ross Elrich, began repeatedly asking Plaintiff "Why are you doing this? You will never be able to get a job in New Orleans again. You will be ruined." Plaintiff was also told at one point that he should keep his mouth shut, that he had kids to feed. The behavior outlined in paragraphs II through VI hereinabove escalated. This behavior and intimidating/threatening remarks from senior management continued throughout 2004 and 2005, culminating in Elrich's questioning of plaintiff regarding Gilberto Eyzaguirre in February, 2006, and constitutes a continuous pattern of retaliation against plaintiff, which ultimately resulted in defendant's refusal to re-hire plaintiff.

VI.

By amending, deleting and dismissing the allegations of **PARAGRAH D, COUNT VIII**: Denial of FMLA benefits.

VII.

**Defendants and their attorneys have been contacted and *DO NOT OBJECT* to this supplement and amendment.**

REQUEST FOR RELIEF

Wherefore, Plaintiff prays that after due proceedings had, his original complaint be supplemented and amended as outlined hereinabove, .and there be judgment herein in favor of Plaintiff, Derrick Frey and that such judgment include civil penalties, compensatory damages,

punitive damages, costs, attorney's fees and any and all other relief afforded plaintiff under the law.

Respectfully Submitted,

_____
PATRICK F. LEE, BAR. NO. 07902
TIM L. FIELDS, LA BAR NO: 24794
CHAD P. YOUNGBLOOD, BAR. NO.30828
7611 Maple Street, Suite C
New Orleans, Louisiana 70118
504.864.0111(ofc.) * 504.864.0009(fax)

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty that he is the plaintiff in the above action, that he has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. Section 1746; 18 U.S.C. Section 1621.

Executed at New Orleans, Louisiana, this the 10th day of April, 2008.

_____
Derrick Tyrone Frey

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing pleading has been served on all defendants through their counsel of record by electronic transmission and or fax transmission, this 10th day of April, 2008.

_____
Patrick F. Lee, Esq.